UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:  Andrew J. Rejman and				6:11-CV-966
         Pamela A. Rejman,					(MAD)
                                                                        Bankr. Case No. 09-60593
                                                                        Chapter 13

                              Debtor/Appellee,
_____

APPEARANCES:                                             OF COUNSEL:

Costello, Cooney Law Firm                                Anthony R. Hanley, Esq.
5701 West Genesee Street                                 Jennifer E. Mathews, Esq.
Camillus, New York 13031
*Attorneys for Appellant*

Office of Mark A. Wolber                                 Mark A. Wolber, Esq.
239 Genesee Street
Utica, New York 13501
*Attorneys for Debtor/Appellee*

Mark W. Swimelar, Esq., Chapter 13 Trustee
250 South Clinton Street
Suite 203
Syracuse, New York 13202

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

This appeal stems from a proceeding filed by the debtors-appellees, Andrew J. Rejman and Pamela A. Rejman ("debtors") under Chapter 13 of the Bankruptcy Code.  Presently before this Court is an appeal by creditor-appellant Michael Milkowski ("creditor" or "Milkowski") from an Order signed by Hon. Diane Davis, United States Bankruptcy Judge for the Northern District of New York, on July 7, 2011, which confirmed, over creditor's objection, the debtor's Amended Chapter 13 Plan. (Dkt. No. 4).   The debtors have not responded to the appeal.

### BACKGROUND

The underlying facts are not in dispute and are taken from the parties' Joint Stipulation of Facts dated February 11, 2011:

> Debtor, Andrew J. Rejman, is the owner of a parcel of commercial property on 907 Park Avenue, Syracuse, New York 13204 ("Syracuse Property"). Creditor, Michael Milkowski, is the holder of a Note and Mortgage for the Syracuse Property ("Syracuse Mortgage"). The mortgage was recorded with the Onondaga County Clerk on January 23, 1991. On December 30, 1991, the Note and Mortgage was modified. On December 30, 1991, the Mortgage Modification Agreement was recorded with the Onondaga County Clerk.
>
> Debtors, Andrew J. Rejman and Pamela A. Rejman, own a one-family home at 6192 Trenton Road, Utica, New York 13502 ("Utica Property"). The Utica Property is debtors' residence. In October 1993, debtors executed a Note and Mortgage to Milkowski secured by the Utica Property ("Utica Mortgage"). On October 7, 1993, the mortgage was recorded in the Oneida County Clerk's Office.
>
> On December 1, 2005, debtors executed a Consolidated Mortgage which states:
>
> This mortgage is a consolidation and continuation except as noted of two previous separate mortgages into one monthly payment entity. The two mortgaged properties were previously recorded in Liber 2766, pages 497+ in Oneida County, and also in Liber 6105, page 173+ in Onondaga County and still are valid. The conditions for first mortgages are the same as in the Note and Mortgage dated October 6, 1993 and also as in Modification Agreement dated December 30, 1991, except as noted throughout this document.
>
> The Consolidated Mortgage was never recorded.
>
> On March 15, 2009, debtors filed a Chapter 13 Bankruptcy petition and a proposed Chapter 13 Plan which Plan did not provide for payment of the Consolidated Mortgage. On July 10, 2009, creditor filed a Proof of Claim in the amount of $298,402.24. Creditor obtained, without opposition, an order lifting the stay as it related to the Syracuse Property and commenced a foreclosure action on the Syracuse Property. The action is pending in Onondaga County Supreme Court. On January 26, 2011, debtors filed a Proposed Amended Plan and proposed to surrender the Syracuse Property and pay what they claim is the full amount of the fair market value of the Utica Property, $142,000.00, in full satisfaction of the Utica Mortgage lien. Creditor disputes debtors' value of the Utica Property.

On September 22, 2010, the creditor filed an Objection to Confirmation of Debtors' Chapter 13 Plan arguing that the proposal was not in good faith and not in compliance with 11 U.S.C. §§ 1322 and 1325.

The debtors, Chapter 13 trustee and creditor filed memorandums of law relating to the Proposed Plan and Objections.  The debtors and trustee argued that the unrecorded consolidated mortgage between the creditor and debtor was a valid mortgage, regardless of the fact that it was never filed.  Further, they argued because that binding and valid mortgage is secured by both residential and nonresidential property, the debtors could modify the consolidated mortgage and "cramdown" the mortgage pursuant to 11 U.S.C. § 1322(b) by paying creditor the full value of their residence.  Debtors further claimed that upon payment of the full value, debtors were entitled to a discharge of any mortgage liens held by creditor on the Utica property.  Conversely, creditor claimed that because the consolidated mortgage was never recorded, it could not be foreclosed upon, discharged or released pursuant to New York State Tax Law, Section 258(1). Accordingly, there were two enforceable, separate mortgages at issue.  Further, creditor asserted that the Utica Mortgage was secured solely by the Utica Property and therefore, pursuant to § 1322(b)(2), debtors could not cramdown the Utica Mortgage because it was secured by their principal residence.

On March 31, 2011, Judge Davis held a confirmation hearing.  The court issued an oral decision on creditor's objection to confirmation of debtors' amended plan.  Relying on a prior decision by retired Chief Judge Stephen D. Gerling in the case of *In Re Hotel Syracuse, Inc*., 271 B.R. 443 (Bankr. N.D.N.Y. 2001), the Court noted, "New York Tax Law § 258(1) . . . is not substantive but, rather, 'it is a revenue raising statute, nothing more'".  The Court continued, "New York courts have held that a mortgage could be admitted in a foreclosure action by the

3

mortgagee simply by paying the mortgage recording tax". The Court held, "Milkowski's argument that he may not have foreclosed on the consolidated mortgage necessarily fails. Accordingly, Milkowski cannot now invalidate the consolidated mortgage in order to avoid the consequences of Section 1322(b)(2)." Further, the Court held:

> As the parties recognize, this Court subscribes to the rule articulated by the Third Circuit in *Scarborough v. Chase Manhattan Mortgage Corp.*, 461 F.3d 406 (3d Cir. 2006) that, "when a mortgagee takes an interest in real property that includes by its nature at the time of the transaction income producing rental property, the mortgage is also secured by property that is not the debtors' principal residence and the claim, therefore, may be modified in a debtors' later Chapter 13 proceeding"; *id*. at 412, employing a literal and narrow reading of 1322(b)(2). The Court formally adapted this rule in *In Re Moore*, Chapter 13 Case Number 09-61990, slip op. (Bankr. N.D.N.Y. November 18, 2010). Applying the rule to the facts of this case, the Court must now overrule Milkowski's objection.

(Dkt. No. 2-2).

On July 7, 2011, Judge Davis confirmed debtors' Amended Plan. On July 20, 2011, creditor filed a Notice of Appeal of the decision of the bankruptcy court. Appellant requests that this Court reverse the decision and deny confirmation of debtors' Proposed Amended Plan. Appellant contends that the Bankruptcy Court erroneously confirmed debtors' proposed Chapter 13 Plan in violation of the anti-modification provision of 11 U.S.C. § 1322(b)(2) thereby permitting the cramdown of creditor's mortgage claim secured by debtors' Utica Property, their primary residence.

## DISCUSSION

**I.     Applicable Legal Standard**

4

The District Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). A reviewing court may set aside findings of fact made in a bankruptcy proceeding only if they are "clearly erroneous." Fed. R. Bankr. P. 8013. A bankruptcy court's conclusions of law are subject to *de novo* review. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). Where an appellee has failed to file a responsive brief in a bankruptcy appeal, generally the appropriate remedy is not the automatic granting of the appellant's appeal, but a review of the merits of the appeal, and the preclusion of the appellee from being heard at oral argument.
*Swimelar v. Baker*, 2009 WL 3644336, at *1 (N.D.N.Y. 2009) (citing Fed. R. Bankr. Proc. 8009). For the following reasons, the matter is remanded to the Bankruptcy Court for further proceedings.

**II.     Unrecorded Consolidated Mortgage**

In large part, creditor asserts the same arguments that he made before the Bankruptcy Court regarding the validity of the unrecorded consolidated mortgage. Creditor argues that pursuant to New York State Tax Law § 258(1)[1], the unrecorded consolidated mortgage may not be foreclosed upon, released or discharged. Creditor also argues, as he did before Judge Davis, that he can no longer record the consolidated mortgage without violating the automatic stay and further, that he had no obligation to record the Consolidated Mortgage. The Bankruptcy Court overruled appellant's objections relying solely upon the decision in *In re Hotel Syracuse*. The

---

[1] New York State Tax Law § 258(1) provides, in pertinent part:

> No mortgage of real property shall be recorded by any county clerk or register, unless there shall be paid the taxes imposed by and as in this article provided. No mortgage of real property which is subject to the taxes imposed by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded unless the taxes imposed thereon by this article shall have been paid as provided in this article. . . . No judgment or final order in any action or proceeding shall be made for the foreclosure or the enforcement of any mortgage which is subject to any tax imposed by this article or of any debt or obligation secured by any such mortgage, unless the taxes imposed by this article shall have been paid as provided in this article . . .

Bankruptcy Court rejected appellants' claim that he could not record an unrecorded mortgage after bankruptcy proceedings commenced. Appellant challenges the Bankruptcy Court's reliance upon *In re Hotel Syracuse*.

In Judge Davis' oral decision, the Court cited portions of the *In re Hotel Syracuse* decision. Specifically, Judge Davis stated:

> New York's courts have held that a mortgage could be admitted in a foreclosure action by the mortgagee simply by paying the mortgage recording tax. Thus, Milkowski's argument that he may not have foreclosed on the consolidated mortgage necessarily fails.

In his decision, Judge Gerling continued:

> New York's courts have held that a mortgage could be admitted in a foreclosure action by the mortgagee by simply paying the mortgage recording tax. *See The Mutual Life Ins. Co. of New York v. Nicholas*, 144 A.D. 95, 98–99, 128 N.Y.S. 902 (N.Y.App.Div. 1911); *see also Commonwealth Land Title Ins. Co. v. Lituchy*, 161 A.D.2d 517, 518, 555 N.Y.S.2d 786 (N.Y.App.Div. 1990) (noting that "the failure to record the mortgage and pay the tax does not render the mortgage and note unenforceable (citations omitted). Thus, Commonwealth [plaintiff to whom note and mortgage were assigned] may be entitled to obtain a judgment on the debt simply by paying the required tax any time prior to judgment or final order. (citations omitted)."). **In the bankruptcy context, Titan would arguably be prevented from paying any mortgage recording tax that might be owed given the existence of the Code § 362(a) automatic stay.**

*In re Hotel Syracuse, Inc*., 271 B.R. 443, 447 (N.D.N.Y. 2001) (emphasis added).

As Judge Davis' decision was rendered orally, it is difficult for this Court to discern whether the Bankruptcy Court considered the implications of the above portions of the *In re Hotel Syracuse* opinion. While the Court agrees with appellant that, based upon the facts herein, reliance solely upon *In re Hotel Syracuse* may be misplaced, appellant oversimplifies the issue.

Section 362(a)(4) provides that, "a petition filed in bankruptcy automatically stays any act to create, perfect or enforce any lien against the property of the estate". *See In re Berg*, 387 B.R.

524, 563-64 (N.D.Ill. 2008) (recording of the eHome Mortgage against the property after the bankruptcy petition filing date was an act to perfect a lien against property which included property of the Estate in violation of the automatic stay).  When a mortgage against real property of the debtor is filed after the debtor files a petition for relief under the bankruptcy code, "the key question is whether the mortgage was 'created', 'perfected' or 'enforced' by the act of recording the mortgage".  *Sloan v. Sloan*, 1991 WL 1301288, at *2 (D.N.D. 1991).   While not controlling in this district, the *Sloan* case provides some guidance.

In that matter, the debtor (Gary Sloan) signed a real estate mortgage to his brothers, Gene and Claude for the farmland in 1981.  The mortgages were not recorded.  Some years later, before the bankruptcy petition, Gary failed to make any payments under the terms of the mortgages.  In April 1987, the debtor filed a petition for relief under Chapter 12 and in May 1987, Gene filed and recorded his mortgage.  The debtor filed suit alleging that the post-petition recording of the mortgage was in violation of § 362(a)(4) and (5) and claimed that he suffered "irreparable harm since it interfered with his attempt to sell the farmland".  The Court noted that Section 47-19-46 of the North Dakota Century Code provides, "[a]n unrecorded instrument is valid as between the parties thereto and those who have notice thereof".  *Id*. at *3.  The Court held "[b]ecause North Dakota recognizes that an unrecorded mortgage is valid, the 'creation' of the mortgage lien occurred at the close of the mortgage transaction back in August 1981." *Id*.  Accordingly, the Court found "the lien against [the] property interest under the mortgage was created long before the filing of [the] Chapter 12 petition: and therefore, the mere act of recording the mortgage after the Chapter 12 filing does not further create a lien against the property of the estate".  *Id*.

Here, debtors did not file a response to creditor's appeal, however, in the underlying action, debtors argued:

7

> Section 291 of the Real Property Law provides that an unrecorded conveyance of an interest in real property is valid between the parties even if unrecorded.
>
> . . . as further evidence that the parties considered the consolidated mortgage as the replacement for the two recorded mortgages, for over three years following the execution of the consolidated mortgage, the debtors made a single payment, as required by the consolidated mortgage, and the creditor accepted this payment.

*See* Dkt. No. 2-6.

In the underlying proceeding, the Trustee presented a similar argument noting, "Milkowski's inability to foreclose upon this consolidated mortgage, due to his failure to properly file this document, bears no impact on its validity". *See* Dkt No. 2-8.

Upon review, the Court finds the record on appeal to be insufficient with respect to this issue. It is unclear from the oral decision whether the Bankruptcy Court considered all the facts and applicable New York State law, including but not limited to Real Property Law § 291, to determine whether the appellant could record the consolidated mortgage without violating the automatic stay. Moreover, creditor does not cite to any case law or authority to support his position. The issues presented herein are more appropriate for the Bankruptcy Court to determine in the first instance. *See In re Jacob,* 418 B.R. 37, 41 (N.D.N.Y. 2009). Accordingly, remand to the Bankruptcy Court for further proceedings is necessary.

**III.    Anti-Modification and 11 U.S.C. § 1322(b)(2)**

Section 1322(b)(2) provides:

> the plan may–
>
> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Appellant claims that since the Consolidated Mortgage is unrecorded and unenforceable, the only recorded mortgage is on the Utica Property and the Bankruptcy Court should have determined whether this statute applied.  Based upon the Court's decision in Part II, the Court cannot make a determination with regard to this issue.  An analysis of this issue is inextricably intertwined with the decision of the Bankruptcy Court on remand.  To wit, whether the creditor may record the Consolidated Mortgage without violating the automatic stay provision.

## IV. CONCLUSION

It is hereby

**ORDERED**, that the appeal (Dkt. No. 1) is **DISMISSED**; it is further

**ORDERED** that the case is **REMANDED** to the Bankruptcy Court (B.J. Davis) for further proceedings consistent with this opinion; it is further

**ORDERED** that the Clerk of the Court shall serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED.**

Dated:  May 14, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge